## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CLAUDIO SALAZAR, Owner
FLORA SALAZAR and
CONSTANTINO SALAZAR,
Husband and Wife, Mortgage Holders,

       Plaintiffs,

v.

CITY OF ALBUQUERQUE                      No. CV 09-263 CG/RLP
PLANNING AND ZONING DEPT.
BUILDING AND SAFETY DIVISION,

HARRY DEMPSEY, City of Albuquerque
Planning and Zoning Dept. Building and
Safety Division, and

TERRI SANCHEZ, in her individual and
official capacities, Home Owner's Association
Vista Magnifica Subdivision,

       Defendants.

### ORDER

    This matter is before the Court on Plaintiffs Claudio Salazar, Flora Salazar, and

Constantino Salazar's ("Plaintiffs") Motion and Memorandum for Remand of Removed

Proceeding and Defendants' City of Albuquerque ("the City") and Harry Dempsey's ("Mr.

Dempsey") Response to Plaintiffs' Motion and Memorandum for Remand of Removed

Proceeding. See docket nos. 10 and 17. In the Motion and Memorandum, Plaintiffs assert that

the case should be remanded to the Second Judicial District Court for the State of New Mexico,

County of Bernalillo. See docket no. 10. I agree, and, for the reasons below, find that this case

should be remanded pursuant to 28 U.S.C. § 1447(c).

Procedural Background

On February 13, 2009, Plaintiffs filed their "Complaint for Declaratory Judgment and Relief" in the Second Judicial District Court, Bernalillo County, Cause No. CV 2009-1635.  See docket no. 1, exhibit 1 ("Plaintiffs' Complaint").  Plaintiffs' Complaint names as Defendants the City, Mr. Dempsey, and Terri Sanchez ("Ms. Sanchez") in her individual and official capacity with the Home Owners Association of the Vista Magnifica Subdivision.  See id.  Defendants were served on February 17, 2009.  See id.  Generally, the Complaint alleges Defendants have improperly prohibited Plaintiffs from completing a home construction project in the Vista Magnifica Subdivision in Albuquerque, which has culminated in a Stop-Work Order being issued by the City, resulting in damages to both Claudio Sanchez, the owner of the subject property, and Flora and Constantino Salazar, joint holders of the construction loan.  See id.

Plaintiffs' Complaint asserts nine causes of action against Defendants, without any mention of a specific federal statute.  See id.  Specifically, in Count I, Plaintiffs allege inverse condemnation against the City and Mr. Dempsey; in Count II, Plaintiffs allege inverse condemnation against Ms. Sanchez and Vista Magnifica Subdivision; in Count III, Plaintiffs seek a declaratory judgment against all Defendants; in Count IV, Plaintiffs seek a preliminary injunction against a stop work order issued by the City; in Count V, Plaintiffs seek a Temporary Restraining Order against Ms. Sanchez and Mr. Dempsey; in Count VI, Plaintiffs allege "abuse of process" against the City and Mr. Dempsey; in Count VII, Plaintiffs allege slander of title against the City, Mr. Dempsey, Ms. Sanchez, and Vista Magnifica Subdivision; in Count VIII, Plaintiffs allege fraud against the City and Mr. Dempsey; and in Count IX, Plaintiffs also allege fraud against the City and Mr. Dempsey.  See id.

On February 19, 2009, the City and Mr. Dempsey filed a Notice of Removal "pursuant to

2

28 U.S.C. §§ 1441(b) and 1446(a)."  Docket no. 1.  The City and Mr. Dempsey's Notice
indicates, without any additional documentation from Ms. Sanchez, that "[a]ll named Defendants
consent to the removal of the case from the State Court to Federal Court."  Id. at 3.  The City and
Mr. Dempsey's Notice asserts that Plaintiffs' "Complaint is founded on a claim or right arising
under the United States Constitution and the laws of the United States."  Id. at 2.  Defendants
cite to Plaintiffs' Complaint at Paragraphs 45, 50, 56, 60, and 67 to support their contention that
Plaintiffs' Complaint is founded on a claim or right arising under the United States Constitution.
The five cited-to passages in Plaintiffs' thirteen-page, nine count Complaint, are as follows:
"[t]he stop-work order violates the New Mexico Constitution and the Constitution of the United
States;" "[t]he stop work order was in violation of the Federal and State constitution since it was
issued without notice and without procedural due process;" "NMSA 1-057 governs the
procedure herein, Plaintiffs request the court to declare the stop work order not in accordance
with the Albuquerque Building Code since it was issued without warning and because it violates
the New Mexico and Federal Constitution . . .;" "[t]he stop work order was issued in violation of
the Plaintiffs' rights, namely their right to proper notice as required by law, and their rights
under New Mexico law and the Federal Constitution;" and "[t]he stop work order was issued in
violation of the Plaintiffs' rights, namely their property rights under New Mexico law and the
Federal Constitution."  Plaintiffs' Complaint at 5-7 (quoting ¶¶ 45, 50, 56, 60, and 67).

On March 24, 2009, the City and Mr. Dempsey filed an answer to Plaintiffs' Complaint.
See docket no. 5.  On March 25, 2009, Ms. Sanchez filed her answer to the Complaint.  See
docket no. 6.  On March 26, 2009, the City and Mr. Dempsey filed their notice of consent to
proceed before the undersigned, and on March 30, 2009, Ms. Sanchez filed her notice of consent.
See docket nos. 8 and 9.  Approximately two weeks later, Plaintiffs filed their Notice of Consent

3

pursuant to 28 U.S.C. § 636.  See docket no. 14.

On April 9, 2009, Plaintiffs filed a "Motion and Memorandum for Remand of Removed Proceeding."  See docket no. 10.  In the Motion, Plaintiffs assert the case should be remanded back to the Second Judicial District Court, Bernalillo County.  See docket no. 10.  Plaintiffs contend the case should be remanded because: all Defendants did not join or give "specific consent to the removal;" Defendants have removed the case under an inapplicable statute; and "state law predominates" the Complaint.  Id. at 2-11.

On April 20, 2009, the City and Mr. Dempsey filed a response to Plaintiffs' Motion to Remand.  See docket no. 17.  The City and Mr. Dempsey rely upon a statement in their Notice of Removal – that all defendants who had been served at the time of removal consented to the removal – in support of their assertion that the case was properly removed.  See id. at 1-2.  The Response also contends the case is properly in federal court because of Plaintiffs' mention, in their Complaint, of the Federal Constitution being violated by Defendants.  Id. at 2.  The City and Mr. Dempsey contend that "[i]f Plaintiffs' right to relief depends upon the construction or application of the federal constitution, the District Court has jurisdiction."  Id.

Analysis

28 U.S.C. § 1441(b) provides for removal of an action from state to federal court when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law.  "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship, federal question jurisdiction is required."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnote omitted).  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists

4

only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. When federal subject matter jurisdiction is challenged, "[m]ere conclusory allegations of jurisdiction are not enough." United States ex rel. Hafter v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).

28 U.S.C. § 1446(a) requires the defendant desiring to remove a civil action from a State court to "file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Thus, the federal court's original subject-matter jurisdiction must "affirmatively appear in the record." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). The removing defendant cannot satisfy its burden to establish removal jurisdiction by subsequently filing documents in response to a motion to remand. See id. Rather, in a removed case the defendant must show in its notice of removal that the plaintiff's well-pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[1] Franchise Tax Bd.

---

[1] This showing is required both for cases removed on the basis of the existence of a federal question and for cases originally filed in federal court because removal jurisdiction under § 1441(b) statutorily requires a showing of original jurisdiction under § 1331 (the "federal question" jurisdiction statute providing that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") See § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties"); Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986) (noting that "the propriety of the removal in this case thus turns on whether the case falls within the original 'federal question' jurisdiction of the federal courts); Franchise Tax Bd., 463 U.S. at 27-28 ("Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which

v. Constr. Laborers Vacation Trust., 463 U.S. 1, 27-28 (1983).

In this case, the Court finds that Plaintiffs' Complaint does not assert a specific federal statute.  The Complaint does mention the United States Constitution, but does not assert a specific constitutional right has been violated.  Plaintiffs' Complaint refers generally to the Federal Constitution only in sentences that New Mexico law or the New Mexico Constitution is also invoked, and never standing alone as an independent cause of action.  Hence, none of the nine counts directly relies upon federal law or federal remedies.[2]  Thus, the City and Mr. Dempsey seemingly removed the case based solely on the inclusion of the words "the Constitution of the United States" or "the Federal Constitution" in Plaintiffs' Complaint, however, the Supreme Court has noted that it does not treat the existence of a "'federal issue' as a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).  Rather, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id.  Here, the answer to the question is no.  Defendants have not shown Plaintiffs' well-pleaded Complaint establishes either that federal law creates any of Plaintiffs' causes of action or that the Plaintiffs' right to relief necessarily depends on the resolution of a substantial question of federal law.  Thus, remand is

---

a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.")

[2]  Additionally, the prayer in Plaintiffs' Complaint addresses common law remedies, without specifying any federal claims or remedies.  See Plaintiffs' Complaint at 10-11.

proper.[3]

Conclusion

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (docket no. 10) is

**GRANTED.**

**IT IS FURTHER ORDERED** that this action is hereby **REMANDED** to the Second

Judicial District Court for the State of New Mexico, Bernalillo County.

**SO ORDERED** this 21st day of May, 2009.

_____

UNITED STATES MAGISTRATE JUDGE

---

[3] The Court also finds that the removal in this case fails because Ms. Sanchez, who is sued in both her individual and official capacities, did not affirmatively consent to the removal. Ms. Sanchez was served on February 17, 2009, and the case was removed on March 19, 2009. Generally, all defendants to an action must join in removal. See Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981). Remand is appropriate if all defendants do not join in the removal. See Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992); see also Liebau v. Columbia Cas. Co., 176 F.Supp.2d 1236, 1243 (D. Kan. 2001) (citing Cornwall, supra ). Although all defendants to an action are not required to sign a notice of removal, they must affirmatively express their joinder in writing. See Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994) (statement in notice of removal that all other defendants consented to removal not sufficient to find that other defendants joined in removal), abrogated on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). In this case, Ms. Sanchez's passive acquiescence is not sufficient to establish her joinder in removal. See Mehney-Egan v. Mendoza, 124 F.Supp.2d 467, 471 (E.D. Mich. 2000). Thus, remand is also appropriate in this case due to a lack of consent by all served Defendants to the removal.